# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## NO.   3:23CV-256-GNS

*Electronically Filed*

| | |
|---|---|
| **TYREE KAUFMAN,** | **PLAINTIFF,** |
| **v.** | |
| **OFFICER ERIC WILLIAMSON**<br>(*In His Official And Individual Capacity*) | |
| **And** | |
| **ASHLEY SNELLEN,** | **DEFENDANTS.** |

---

## COMPLAINT

---

Now comes Plaintiff, Tyree Kaufman, by and through counsel, and brings this action against the Defendants named, for damages sustained by Plaintiff due to conduct by the named Defendants and states:

### I. JURISDICTION

1. This Complaint seeks, inter alia, damages pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. §1988 for violation of Plaintiff's civil rights.

2. Jurisdiction is founded on 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.

### II. VENUE

3. The acts or omissions giving rise to the Plaintiff's claims arose in Nelson County, Kentucky. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the Western District of Kentucky, Louisville.

### III. PARTIES

4. During all times mentioned in this Complaint, Tyree Kaufman ("Mr. Kaufman" or "Plaintiff") was, and is, an African-American male United States citizen. Said Plaintiff resides in Nelson County, Kentucky.

5. Defendant Officer Eric Williamson ("Defendant Officer Williamson" or "Officer Williamson" or "Green"), unless indicated otherwise, was at all times described a reasonably well-trained police officer of the Bardstown Police Department ("BPD"), and a sworn peace officer acting in the course and scope of that employment. Defendant Officer Williamson is sued in his personal individual capacity and official capacity.

6. During all times mentioned in this Complaint, Defendant Ashley Snellen ("Defendant Snellen") was, and is, a caucasian white female United States citizen. Said Defendant resides in Nelson County,

7. Defendant Snellen and Defendant Officer Williamson are collectively referred to herein as "Defendants".

8. Through out the entire time as alleged in this Complaint the Defendants were at all times acting under color of the laws, statutes, ordinances, regulations, customs and/or usages of the Commonwealth of Kentucky and the City of Bardstown.

9. Each of the above named Defendants caused, and is legally responsible for, the incident, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful

conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, and thus constituting deliberate indifference to Plaintiff's rights.

10. Plaintiff is informed and therefore alleges that at all times mentioned in this Complaint, the Defendant Officer Williamson, in doing the acts and/or omissions as alleged, acted under color of authority and/or color of state law.

### IV. FACTUAL ALLEGATIONS

11. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–10 as if fully copied and set forth herein.

12. On or about May 18, 2022, the Defendant Ashley Snellen filed a statement with the Defendant Officer Williamson of the Bradstown Police Department. The statement stated that "[o]n May 16, 2022, that [she] video[ed] [the Plaintiff] on her property harassing her." "On video(*sic*) on May 18, 2022 [the Plaintiff] showed up again for several hours outside of [her] apartment doing the same thing. When my kids get home from school he is outside and they are scared to come inside. He standing outside of my apartment yelling loud that(*sic*) he is going to get my kids and me,(*sic*) kill me.(*sic*)  [T]hat was on Monday(*sic*) [the] 15th(*sic*) 2022. From May 15th(*sic*) through the 18th(*sic*) it is non stop harassing(*sic*) verbal. [H]e is trespassing(*sic*) and is not suppose to be own the property at all."

13. On May 19, 2022, the Defendant Officer Williamson as the affiant filed out the Commonwealth of Kentucky Criminal Complaint  stating that " on 5/15/2022 in NELSON County, Kentucky, the above named defendant unlawfully: committed the crime of criminal

trespassing 3rd. The Defendant had been previously been given a notice from Bardstown Housing Authority that he was no longer allowed on their property. On this date the Defendant was captured on surveillance video at he apartment building located at 922 E. Broadway. The affiant was able to retrieve photos from the surveillance and Ashley Snellen was able to identify the Defendant."

14. As a result of the Defendant Officer Williamson sworn statement within the said criminal complaint, a Warrant of Arrest Complaint Warrant, Warrant Number E09010004251226 was generated and issued for the Plaintiff on May 19, 2022.

15. On May 23, 2022, the said Warrant of Arrest was executed and the Plaintiff was arrested solely for the said Warrant of Arrest, placed in the back of a police squid car, transported to the Nelson County Jail, booked and processed for committing the crime of Kentucky Revised Statute ("KRS") § 511.080, Criminal Trespass in the Third (3rd) Degree.

16. KRS § 511.080 states that:

"(1) A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.

(2) Criminal trespass in the third degree is a violation, unless the offense occurs during a declared emergency as defined by KRS 39A.020 arising from a natural or man-made disaster, within the area covered by the emergency declaration, and within the area impacted by the disaster, in which case it is a Class B misdemeanor."

KRS 511.080 (West 2022)

17. After being processed, the criminal case styled *Commonwealth vs. Kaufman, Tyree Maran*, Case Number: 22-M-00264 was generated and the Plaintiff was arraigned on June 14, 2022, where he pled not guilty to the charge of KRS § 511.080.

18. The Plaintiff hired an attorney to defend the said charges, and paid over $900.00 for legal fees.

19. The Plaintiff had many court appearances prior to November 08, 2022, and a jury trial scheduled to occur on November 10, 2022.

20. On November 08, 2022, the Plaintiff's said criminal case was dismissed by motion of the prosecutor.

21. The Defendant Snellen knowing and intentionally filed a false statement on May 18, 2022.

22. The Plaintiff was not given any notice from the Bardstown Housing Authority that he was no longer allowed on their property.

23. Throughout Officer Williamson's investigation, the said defendant knew or should have known that the Plaintiff was never involved in any criminal activity prior to him causing the said warrant of arrest to be issued, or that any suspicious of any criminal activity concerning of the Plaintiff would remotely establish probable cause for him to apply for a warrant for the arrest of the Plaintiff.

24. The investigation conducted by the named Defendant was fraudulent and/or grossly negligent, in which the said Defendant was overzealous in the his decision to cause the warrant to be issued and as such causing the arrest and criminal charge be levied upon the Plaintiff for the said crime.

25. On information and belief, the Defendant, negligently and/or refused to take proper care and steps in investigating the alleged report of the Plaintiff committing the crime of trespass in the 3rd degree.

26. Plaintiff was not only innocent of the acts as asserted by the Defendants in the criminal case, but the the Defendant Officer Williamson knew that his affidavit failed to establish probable cause and that he should not have applied for the said warrant for arrest for the Plaintiff.

### COMMON ALLEGATIONS IN
### VIOLATION OF 42 U.S.C. § 1983 AND KENTUCKY CLAIMS

27. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–26 as if fully copied and set forth herein.

28. On or about May 18, 2022, under the color of authority granted by BPD and the Commonwealth of Kentucky, the Plaintiff was arrested and charged by the Defendant for violating KRS § 511.080, Criminal Trespass in the Third (3rd) Degree (a violation, unless the offense occurs during a declared emergency as defined by KRS 39A.020 arising from a natural or man-made disaster, within the area covered by the emergency declaration, and within the area impacted by the disaster, in which case it is a Class B misdemeanor) as listed under the Kentucky Revised Statues.

29. The Defendant Officer Williamson while acting under color of the laws of the Commonwealth of Kentucky unlawfully applied for a warrant for the arrest of the Plaintiff and thereafter Plaintiff was falsely and improperly arrested and prosecuted in violation of Plaintiff's Fourth Amendment Constitutional rights under § 1983.

30. The Defendant lacked probable cause to applied for the warrant and prosecute the Plaintiff.

31. Plaintiff's detention in the city/county jail was humiliating.

32. On or about November 8, 2022, the said criminal case was dismissed by motion of the prosecutor— and as a resulted the dismissal was in favor of the Plaintiff.

33. That the Plaintiff's arrest was the resulted of the Defendant Officer Williams actions of applying for a warrant that he knew or should have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant while acting under color of law of the Commonwealth of Kentucky.

34. That such actions and conduct of the said defendant police officer was in violation of the Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable applications for warrants and arrest.

35. As a result of the conduct of the said defendant as stated herein this Complaint, Plaintiff has been damaged in an amount according to proof.

36. As a result of the said Defendant's actions, the Plaintiff has suffered damages as prayed for below, including humiliation, public ridicule, loss of personal reputation, and emotional distress as a consequence of being arrested and prosecuted on the said criminal charges.

**COUNT I**
**42 U.S.C. § 1983 False Arrest/Imprisonment Claim**
**pursuant to 42 U.S.C. § 1983 and the Fourth Amendment**
**to the United States Constitution**
**(Against Defendant Officer Williamson)**

37. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–36 as if fully copied and set forth herein.

38. Commencing on May 19, 2022, Defendant Williamson was acting under color of state law when he committed the mentioned actions without reason or probable cause and with deliberate indifference to the rights of Plaintiff.

39. On May 19, 2022, the Defendants Officer Williamson, knowingly and maliciously applied for an Arrest Warrant based on false and/or materially incomplete information about Plaintiff, and as a result of the said information the Plaintiff was arrested and prosecuted.

40. That on or about May 23, 2022, the Plaintiff was wrongfully taken into custody by Police Officer Hall of the BPD and wrongfully and unlawfully lodged in the Nelson County Correction Center or City Jail.

41. That the arrest by the said Defendants intentionally and/or willfully confined the Plaintiff, contrary to his will, and without authority of law, in a manner sufficient to interfere with his liberty.

42. As a direct result of the Defendant Officer Williamson's conduct and his other act as described herein, the Plaintiff was unlawfully forced to defend against a false criminal charge and was deprived of his liberty for at least five (5) months until the charge was dismissed in his favor.

43. Due to the unlawful detention by the Defendant Officer Williamson, the Plaintiff was humiliated, frightened, shamed, and stripped of his dignity.

44. As a result of the said Defendants' conduct, the Plaintiff has suffered damages as prayed for below.

## COUNT II
### 42 U.S.C. § 1983 Malicious Prosecution Claim
### Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment
### to the United States Constitution
### (Against Defendant Officer Williamson)

45. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–44 as if fully copied and set forth herein.

46. Following the initial application for the warrant for the arrest, the Plaintiff was arrested pursuant to that warrant and suffered a Deprivation of Liberty, in which the Plaintiff was taken to jail, and later arraigned.

47. On May 23, 2022, as a result of the said Defendant Officer Williamson's actions, a criminal action was initiated against the Plaintiff in the Nelson District Court, titled *Commonwealth vs. Kaufman, Tyree Maran*, Case Number: 22-M-00264.

48. During the criminal proceedings the Defendant Officer Williamson participated in the decision to prosecute the Plaintiff by appearing to court and providing information to the prosecuting attorney.

49. On or about November 8, 2022, the said criminal case was dismissed by motion of the prosecutor— and as a resulted the dismissal was in favor of the Plaintiff.

50. That the Defendant Officer Williamson lacked probable cause for applying for the arrest warrant and prosecute of the Plaintiff.

51. Said defendant made the false allegations, which resulted in plaintiff's criminal prosecution, without probable cause to believe that Plaintiff was committing a crime, had committed a crime, or was about to commit a crime.

52. As a consequence of the criminal prosecution, the Plaintiff suffered a deprivation of liberty.

## COUNT III
### Kentucky False Arrest/Imprisonment Claim
### (Against Defendants)

53. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–52 as if fully copied and set forth herein.

54. On May 18, 2022, the Defendant Senelln, knowingly and maliciously filed an statement with the BPD based on false and or materially incomplete information about the Plaintiff, and as a result of the said information the Plaintiff was arrested and prosecuted.

55. On May 19, 2022, the Defendant Officer Williamson, knowingly and maliciously applied for a arrest warrant for the Plaintiff based on false and or materially incomplete information about the Plaintiff that failed to establish probable cause, and as a result of the said information the Plaintiff was arrested and prosecuted.

56. The said Defendants acted with intent to cause Plaintiff to be confined to an area certain.

57. The said Defendants lacked probable cause to have the Plaintiff arrest and prosecute the for the crime of KRS § 511.080, Criminal Trespass in the Third (3rd) Degree.

58. The restraint of the Plaintiff was wrongful and improper.

59. The said Defendants actions were not reasonable nor in good faith.

**COUNT IV**
**Kentucky Malicious Prosecution Claim**
**(Against Defendants)**

60. Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in the foregoing paragraphs 1–59 as if fully copied and set forth herein.

61. On March 23, 2017, the said Defendants applied for an Arrest Warrant falsely accusing Plaintiff of violating KRS § 511.080, Criminal Trespass in the Third (3rd) Degree.

62. On May 18, 2022, the Defendant Senelln, knowingly and maliciously filed an statement with the BPD based on false and or materially incomplete information about the Plaintiff, and as a result of the said information the Plaintiff was arrested and prosecuted.

63. On May 19, 2022, the Defendant Officer Williamson, knowingly and maliciously applied for a arrest warrant for the Plaintiff based on false and or materially incomplete information about the Plaintiff that failed to establish probable cause, and as a result of the said information the Plaintiff was arrested and prosecuted.

64. The Defendants knowingly or recklessly omitted material information from the prosecuting agencies.

65. The Defendants acts as alleged herein were the moving force behind the criminal prosecution against the Plaintiff.

66. The Defendants lacked probable cause to prosecute the Plaintiff.

67. The Plaintiff has always maintained that he was innocent of the charges.

68. Defendants' unlawful conduct as stated herein caused the Plaintiff to be incarcerated and subjected to conditional releases ordered by the Nelson District Court.

69. Plaintiff suffered loss of any meaningful relationship with his community, parents, and other family members.

70. Without limitation, Plaintiff suffered loss of society, friendship, business relations, hobbies and earnings, enduring great mental pain and suffering.

71. Plaintiff is informed and therefore alleges damages due to such loss of earnings and mental pain and suffering in the future.

    **WHEREFORE**, Plaintiff demands judgement against the Defendants as follows:

1. Judgment against all named Defendants, jointly and severally, for their damages, together with interest and costs;

2. A trial by jury on all issues so triable;

3.   Compensatory special damages including, but not limited to, medical expenses, and lost income;

4.   Compensatory general damages against each Defendants, jointly and severally, in the amount proven at trial;

5.   For punitive damages in an amount sufficient to deter Defendants from continuing their course of conduct;

6.   For the reasonable costs of attorney fees and court costs incurred by Plaintiff in bringing this action and attorney fees as authorized under 42 U.S. Code § 1988;

7.    Leave to amend his Complaint; and

8.   All other relief to which Plaintiff may appear entitled.

Dated: May 18, 2023.

Respectfully submitted by,

/s/ *Shaun A. Wimberly, Sr.*
SHAUN A. WIMBERLY, SR.
Wimberly & Associates, PLLC.
325 West Main Street
Suite 1816 Waterfront Plaza
Louisville, KY. 40202
Office: (502) 208-1887
Fax: (502) 208-1858
*shaun_wimberly@icloud.com*
**COUNSEL FOR PLAINTIFF**